FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

MAR 12 AM 8:16

CLERK-LAS CRUCES



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) <br> OF THE UNITED STATES OF AMERICA ) <br> FOR AUTHORIZATION TO OBTAIN ) <br> LOCATION DATA CONCERNING: ) <br> ) <br> CELLULAR TELEPHONE NUMBER ) <br> 915-790-6216, HEREIN REFERRED ) <br> TO AS THE TARGET TELEPHONE. ) | Misc. No. MR 19-261 <br><br> UNDER SEAL |

### APPLICATION FOR ORDER TO OBTAIN LOCATION DATA
### OF A CELLULAR TELEPHONE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE
### RULE 41 AND 18 U.S.C. § 2703(c)(1)(A)

Ryan Buckrop, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, deposes and states:

### INTRODUCTION

I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. I have been employed as a Special Agent with the FBI since August 2016. During my career as an FBI agent, I have conducted criminal investigations concerning violations of the Controlled Substances Act and have received ongoing training in conducting such investigations.

My experience includes, but is not limited to: conducting physical surveillance, interviewing witnesses, writing affidavits for and executing search warrants, working with undercover agents and informants, issuance of administrative and federal grand jury subpoenas, analysis of phone toll and financial records, and analysis of data derived from the use of pen registers, and trap and traces.

Through my training, education, and experience, I have become familiar with the manner in which drug trafficking organizations operate, and know that cellular telephone location data can be

useful in locating members of an organization when other investigative methods have failed. By locating members of an organization, particularly at times when they are engaged in illegal activity, agents are able to further their investigation and gather additional evidence of drug trafficking crimes. I am also aware that drug trafficking organizations may, at times, engage in violent conduct in order to further drug trafficking operations. Therefore, if a credible threat of violence were to occur, agents could utilize location data in an attempt to prevent the violent conduct.

I submit this affidavit in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the FBI, the Drug Enforcement Administration ("DEA"), Las Cruces/Doña Ana Metro Narcotics Agency ("Metro"), and other federal, state, and local law enforcement agencies ("Investigating Agencies") to ascertain the physical location of the TARGET TELEPHONE, including but not limited to E-911 Phase II data (or other precise location information) concerning the TARGET TELEPHONE (the "Requested Information"),[1] for a period of 45 days from the date the Order is issued.

The TARGET TELEPHONE is cellular telephone assigned telephone number 915-790-6216. Subscriber information from Cricket Wireless shows that the phone is subscribed to "Gregoria Batista" with a billing address of "510 McCombs Rd, Chaparral, NM 88081." Based on the investigation described below and my training and experience, I know that individuals involved in drug trafficking activities frequently utilize cellular telephones that are registered to others in order to hide their identities. Based on information derived from the investigation, as set forth below, I believe drug trafficking organization (DTO) member, Jorge Luis Dominguez (Dominguez), is using the TARGET TELEPHONE to facilitate drug trafficking crimes with co-conspirator Kevin LNU (Kevin) and others.

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET TELEPHONE at the start and end of any call.

2

I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with various other agents of the Investigating Agencies, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Because this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

Probable cause exists to believe that the Requested Information will constitute or lead to evidence of offenses involving drug trafficking, in violation of 21 U.S.C. §§ 841 and 846 (the "TARGET OFFENSES"), as well as the identification of individuals who are engaged in the commission of these offenses.

For the reasons set out in this affidavit, there is probable cause to believe that the TARGET OFFENSES have been committed, are being committed, and will continue to be committed by Dominguez and others. Further, there is probable cause to believe that Dominguez is using the TARGET TELEPHONE to commit the TARGET OFFENSES.

FACTS

The Investigative Agencies are currently investigating the drug trafficking activities of a methamphetamine Drug Trafficking Organization, based in Chaparral, New Mexico, El Paso, Texas,

Ciudad Juarez, Mexico, and surrounding areas. Through the investigation, agents have learned that Dominguez, Kevin, and others are involved in the smuggling of methamphetamine into the United States from Mexico and the distribution of the methamphetamine in the United States.

Since August 2016, FBI, DEA, and Metro have been investigating the methamphetamine trafficking DTO. Through the investigation, agents learned that Kevin is currently incarcerated in a prison facility located in Ciudad Juarez, Mexico, where he coordinates shipments of methamphetamine from Ciudad Juarez to El Paso, TX, southern New Mexico and the surrounding areas. Agents learned through a series of undercover controlled buys of methamphetamine from Kevin that Kevin utilizes an extensive network of mid-level distributors in the United States to deliver methamphetamine to buyers. Between September 2017 and February 2019, agents have purchased approximately 9 pounds of methamphetamine in 14 separate transactions from Kevin. Dominguez is believed to be one of Kevin's distributors in and around Chaparral, NM.

On or about February 27, 2019, an undercover agent ("UC") contacted Kevin via cellular telephone and arranged for the purchase of four (4) ounces of methamphetamine in exchange for $1,000. Kevin advised the UC that a courier would deliver the methamphetamine to the UC in Vado, NM. Kevin provided the UC with the TARGET TELEPHONE as a contact number for the courier. At approximately 2:05 p.m., the UC received a phone call from the courier, who was using the TARGET TELEPHONE. The courier identified himself as "Jorge." "Jorge" advised the UC that he was at the Family Dollar in Vado, NM (located at 106 Vado Road, Vado, NM). The UC and "Jorge" agreed to meet at the Chevron gas station in Vado, NM (located at 1715 Vado Road, Vado, NM) to exchange the methamphetamine. At approximately 2:08 p.m., physical surveillance units identified a red Dodge Neon, temporary license plate #25703R9, headed eastbound on Vado Road from the location of the Family Dollar and enter the Chevron gas station parking lot and park next to the UC vehicle. The driver

and sole occupant of the vehicle exited the driver's seat and entered the passenger seat of the UC vehicle. The UC later positively identified a New Mexico driver's license photograph of Jorge Luis Dominguez as the driver of the red Dodge Neon and "Jorge." Dominguez provided the UC the methamphetamine in exchange for $1,000 in the UC vehicle. Dominguez then exited the UC vehicle and departed in the red Dodge Neon.

The suspected methamphetamine provided to the UC by Dominguez was seized as evidence by agents. Initial processing of the suspected methamphetamine resulted in a gross weight of approximately 119.2 grams and the substance field tested positive for the presence of methamphetamine.

## AUTHORIZATION REQUEST

Based on the foregoing, there is probable cause to believe that the Requested Information will lead to evidence regarding the activities described above. The Requested Information is necessary to determine the location of the TARGET TELEPHONE so that law enforcement agents can conduct physical surveillance of Dominguez and his associates in order to identify them and to gather further evidence regarding their illegal trafficking of methamphetamine. The requested information will allow agents to locate and perform surveillance on Dominguez in order to determine to whom he is distributing methamphetamine in southern New Mexico and to determine the identities and roles of other members of the DTO with whom Dominguez may meet.

WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents of the Investigative Agencies to obtain the Requested Information for a period of 45 days from the date the Order is issued.

IT IS FURTHER REQUESTED that the Court direct Cricket Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may

facilitate the execution of the Order (the "Service Providers") to assist agents of the Investigative Agencies by providing all information, facilities and technical assistance needed to ascertain the Requested Information, and further direct the Service Providers for the TARGET TELEPHONE, to initiate a signal to determine the location of the TARGET TELEPHONE on the Service Providers' networks or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the TARGET TELEPHONE, for a period of 45 days from the date the Order is issued. Reasonable expenses incurred pursuant to this activity will be processed for payment by the Investigative Agencies.

IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, because of the potential need to locate the TARGET TELEPHONE outside of daytime hours.

IT IS FURTHER REQUESTED that the warrant and this Affidavit, as it reveals an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the Investigative Agencies, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and the Service Providers as necessary to effectuate the Court's Order.

IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extensions thereof. This request

is made because: (1) no tangible property will be seized during the execution of the search warrant; and (2) there is reason to believe that providing immediate notification of the execution of the warrant, and the subsequent tracking of the TARGET TELEPHONE, would have an adverse result in that it would alert the subject of the investigation to the ongoing investigation and would likely cause the subjects under investigation to flee from prosecution. It also would likely result in the destruction of evidence and would endanger the physical safety of the officers conducting the investigation, or otherwise seriously jeopardize the investigation.

_____
Special Agent Ryan Buckrop
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me this 12th day of March, 2019.

_____
STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE